UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEMARIO MALONE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No.: 3:15-cv-1079-DRH |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**WRITTEN RESPONSE OF ADAM FEIN TO PETITIONER'S CLAIM
OF INEFFECTIVE ASSISTANCE OF COUNSEL**

COMES NOW Counsel, Adam Fein, and, pursuant to this Court's order of November 4, 2015, files the following response to Petitioner's claim of ineffective assistance of counsel.

### I. Claim 1

Petitioner claims counsel rendered ineffective assistance by failing to (1) communicate with him and (2) conduct an adequate, independent pretrial investigation, including counsel's failure to research applicable case law and interview witnesses. See Memorandum of Law in Support of Motion Under 28 U.S.C. § 2255 to Vacate, Set-Aside, or Correct Sentence by a Person in Federal Custody at 8 [hereinafter Petition].

Petitioner's first claim alleges no facts in support of either of its two parts. See id. at 8-9. As a result, there are no alleged facts to which counsel can respond. That said, counsel did communicate with Petitioner, conduct research in connection with his case, and interview the witnesses he identified or their legal representatives. For example, Petitioner identified John

Fuhrer ("Fuhrer") as a relevant "unexplained wealth" witness[1]. Fuhrer is a local "hard money" lender who extended loans to Petitioner in connection with Petitioner's purchase of real property in the St. Louis area. Counsel spoke with Fuhrer on more than one occasion and attorneys within the office interviewed Fuhrer in person. At trial, Fuhrer would have testified that he extended loans to Petitioner which Petitioner used to purchase real property. In addition, Fuhrer would have testified Petitioner was a borrower with whom he had no complaint. At trial, this testimony would have helped explain to the jury the source of the funds used to purchase the real property held in Defendant's name[2]. Counsel communicated this information to Petitioner.

In addition, counsel communicated with the attorneys who represented Petitioner's co-defendants. Counsel does not know whether Petitioner's co-defendants would have testified on Petitioner's behalf at a trial, given the expected advice of their respective attorneys and the risk such testimony might pose to their own case outcomes. However, had they done so, counsel would have expected their testimony to assist Petitioner by minimizing his involvement in the conspiracy and the scope of his conspiratorial agreement . This information was communicated to Petitioner.

Petitioner identified no other witness for counsel to contact.

---

[1] The discovery material provided by the government suggested the government would rely on unexplained wealth evidence at trial. In particular, an affidavit filed in support of a search warrant for Petitioner's home referenced several properties owned by Petitioner and intimated these properties were purchased with proceeds derived from the alleged conspiracy.

[2] Documents obtained by counsel, through Petitioner, would have shown Petitioner held other real property through an inheritance he received long before his involvement in the charged conspiracy.

.                                    **II.  Claim II**

Petitioner claims counsel failed to (1) inform him of the likely consequences of pleading guilty, as opposed to proceeding to trial, and (2) provide him with a reasonable estimate of the term of imprisonment he would receive and his maximum sentencing exposure.  See id. at 9.

Petitioner was charged in counts one and two of a four count superseding indictment filed on April 18, 2013.  See Superseding Indictment [Doc. Text #75].  Count one alleged Petitioner's involvement in a conspiracy to distribute and possess with intent to distribute a mixture or substance containing 1000 kilograms or more of marijuana.  See id.  Count two alleged Petitioner possessed a firearm in furtherance of a drug trafficking crime.  See id.  The quantity allegation listed in count one subjected Petitioner to a statutory range of punishment of 10 years to life.  Count two subjected Petitioner to a consecutive statutory range of punishment of five years to life.  Thus, Petitioner confronted maximum statutory penalties of consecutive life sentences and minimum statutory penalties of consecutive 10- and five-year sentences, or 15 years altogether.  Counsel communicated this information to Petitioner.

As charged, Petitioner also confronted a minimum sentence of 15 years under the United States Sentencing Guidelines.  This outcome followed from count one's 10-year mandatory minimum sentence, Petitioner's possession of a firearm during the course of the offense which would have deprived him of safety-valve consideration, and the consecutive five year sentence the guidelines recommended on count two.  See U.S.S.G. §§ 5G1.1(a), 2D1.1(b)(1), 2D1.1(b)(11), 5C1.2(a)(2), and 2K2.4(b).  Counsel communicated this information to Petitioner and did not advise him that he would confront a 20-year sentence if convicted at trial.  See Petition at 12.

These outcomes led Petitioner to consider a trial at which he would have conceded his participation in the conspiracy, but disputed (1) the quantity of marijuana for which he should be held accountable and (2) the "in furtherance" requirement contained in count two.  If successful, this strategy would have yielded a conviction on count one, an acquittal on count two, and either a statutory five-year mandatory minimum sentence on count one or no mandatory minimum sentence at all, depending on the jury's drug quantity determination.  The guideline calculation for this outcome would have depended on the jury's drug quantity determination as well, though likely it would have fallen around five years or less, assuming this Court agreed with and adopted the jury's drug quantity determination.

As trial neared, the government extended a plea offer to Petitioner, under which he would plead guilty to count two and a lesser included count-one offense, to wit, conspiracy to distribute and possess with intent to distribute a mixture or substance containing 50 kilograms or more of marijuana.  See Plea Agreement at 3 [Doc. Text #131].  This offer removed the count one 10-year mandatory minimum penalty Petitioner confronted under the superceding indictment and replaced it with no mandatory minimum sentence at all.  However, this offer came with a proviso:  Petitioner must accept a guideline drug quantity calculation of 1,000 kilograms of more but could argue for any count-one sentence he believed the factors at 18 U.S.C. § 3553(a) would support.  In other words, Petitioner could argue for as little as a one-day on count one, but would have to accept a consecutive five-year minimum sentence on count two.  This offer dispensed with the 15-year minimum sentence Petitioner would have confronted on a plea to the superseding indictment as filed or upon conviction on the superseding indictment at trial and replaced it with a five-year mandatory minimum sentence on count two and a guideline range of

4

70-87 or 87-108 months on count one. Counsel communicated this offer to Petitioner and discussed with him the various outcomes to which it might lead. Counsel did not, however, "push[]" Petitioner to accept it.

With advice of counsel, Petitioner ultimately accepted the government's offer and argued at sentencing for a total 87 months imprisonment (27 months on count one with a consecutive 60-month sentence on count two)[3]. This Court rejected the majority of Petitioner's arguments, however, and imposed a sentence of 130 months. Neither Petitioner nor counsel was particularly pleased with this outcome. All the same, it did represent a 50-month savings off the 15-year mandatory minimum sentence mandated by the superseding indictment.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By:   /S/ Adam Fein
ADAM FEIN
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/Facsimile (314) 862-8050

---

[3] Petitioner claims the plea agreement contained only an illusory benefit that he "could have been obtained by...pleading guilty to both Counts 1s and 2s of the Superseding Indictment." See Petition at 12. But this is analysis is wrong. Petitioner was not safety-valve eligible and pleas to counts one and two of the superseding indictment would, therefore, have resulted in a minimum 15-year (or 180 month) sentence.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2016 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Daniel Kapsak, Assistant United States Attorney.

.