UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| DEMARIO MALONE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No.: 3:15-cv-1079-DRH |
| THE UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) |

**RESPONSE OF N. SCOTT ROSENBLUM TO PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL**

COMES NOW Counsel, N. Scott Rosenblum, and, pursuant to this Court's order of November 4, 2015, files the following response to Petitioner's claim of ineffective assistance of counsel.

Petitioner claims counsel provided ineffective assistance by failing to communicate with Petitioner and failing to research and conduct an independent investigation of his case.

Petitioner offers no facts in support of his claims. Moreover, counsel maintained typical communication with Petitioner and made himself available to Petitioner at all times Petitioner requested. Counsel did not conduct legal research on Petitioner's behalf or interview Petitioner's witnesses. However, co-counsel Adam Fein did, as his response to Petitioner's claims makes plain. In addition, Mr. Fein reported to me the outcomes of his witness interviews. As a result, I am aware of Mr. Fein's interview of potential defense witness John Fuhrer, the documentary evidence referenced in Mr. Fein's response, and Mr. Fein's conversations with the attorneys who represented Petitioner's co-conspirators.

1

Petitioner also claims counsel failed to inform him of the consequences of his guilty plea and to provide him with a reasonable estimate of the sentences he could receive and his maximum sentencing exposure.

The government charged Petitioner in counts one and two of a four count superseding indictment. Count one alleged Petitioner's participation in a conspiracy to distribute 1000 kilograms or more of marijuana. Count two alleged a violation of Title 18 U.S.C. § 924©, possession of a firearm in furtherance of a drug trafficking offense. Count one carried a statutory range of punishment of 10 years to life. Count two carried a consecutive statutory range of punishment of five years to life. As a result, Petitioner confronted maximum statutory penalties of consecutive life sentences and a minimum statutory penalty of 15 years. Petitioner's minimum statutory penalty produced a minimum guideline range of 15 years, as well. I provided this information to Petitioner at the outset of his case.

Petitioner considered proceeding to trial. I discussed with Petitioner the trial strategy we might effectively pursue. This strategy held some promise, but was not without difficulty. Specifically, Petitioner would concede his involvement in the conspiracy, but contest the alleged drug quantity and request a special drug quantity verdict from the jury. Petitioner would also contest the 924© allegation. If Petitioner prevailed on this strategy, he would confront either no statutory minimum penalty or a five-year minimum penalty on count one. He would confront no penalty on count two, and his advisory guideline range would be determined by the drug quantity found by the jury. I discussed this information with Petitioner too.

After some time, the government extended a plea offer to Petitioner. Pursuant to this offer, Petitioner would plead guilty to count two and a lesser included count one offense:

2

Conspiracy to distribute and possess with intent to distribute 50 kilograms or more of marijuana. This offer dispensed with the count one minimum penalty Petitioner confronted on the superceding indictment[1], but required him to accept a drug quantity calculation of 1,000 kilograms or more. At sentencing, Petitioner could argue for any count-one sentence he believed appropriate, but would have to accept a consecutive five-year minimum sentence on count two. We calculated Petitioner's count one guideline range under this agreement at 70-87 months. Accordingly, Petitioner would confront a 70-87 month count one guideline range and a consecutive five-year guideline range on count two. Petitioner could argue at sentencing for as little as 60 months and one day and would subject himself to an outcome as great as 147 months, statutory maximum penalties aside.

After discussion of the above, Petitioner accepted the government's offer and argued at sentencing for a total 87 months imprisonment. This Court rejected Petitioner's recommendation and imposed a sentence of 130 months.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

By: /S/ Scott Rosenblum
SCOTT ROSENBLUM
Attorney for Defendant
120 S. Central Avenue, Suite 130
Clayton, Missouri 63105
(314) 862-4332/Facsimile (314) 862-8050

---

[1] This change substituted a 0-20 year range of punishment for the 10 years to life range of punishment implicated by the superseding indictment.

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 21, 2016 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Mr. Daniel Kapsak, Assistant United States Attorney. Additionally, I certify that a copy of same was mailed today to Petitioner at his place of confinement.

.