IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMARIO MALONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 15-CV-01079-DRH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## GOVERNMENT'S RESPONSE TO PETITIONER DEMARIO MALONE'S 28 U.S.C. § 2255 MOTION

The United States of America, by and through its attorneys, James L. Porter, Acting United States Attorney for the Southern District of Illinois, and Daniel T. Kapsak, Assistant United States Attorney, files its response to Petitioner Demario Malone's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.

### I. Procedural History and Background

On April 18, 2013, a superseding indictment was returned in the Southern District of Illinois charging Petitioner Demario Malone ("Petitioner") with Conspiracy to Distribute and Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). R. 1.[1]

The Drug Enforcement Administration (DEA) began investigating Petitioner in approximately 2011. PSR at p. 21. According to Petitioner's Presentence Investigation Report

---

[1] This response cites to the record as follows: "R." refers to the record in Case No. 12-CR-30330-DRH; "P. Tr." (Exhibit A) refers to the transcript of the change of plea hearing; "P. Agr." (Exhibit B) refers to Petitioner's plea agreement; "S. Tr." (Exhibit C) refers to the sentencing transcript; "PSR" refers to the presentence investigation report; "App. R." refers to the record on appeal in Case No. 14-2022 before the Seventh Circuit Court of Appeals; "Hab. R." refers to the record on collateral review in Case No. 15-CV-01079-DRH.

(PSR), on March 5, 2011, Petitioner took part in the sale of at least 226.80 kilograms of marijuana. Id. at p. 21.  Likewise, according to the PSR, on March 8, 2011, Petitioner took part in the sale of at least 453.60 kilograms of marijuana.  Id.  According to the PSR, Petitioner took part in the distribution of an additional 453.60 kilograms of marijuana on approximately December 6, 2011.  Id. at p. 23.  Moreover, on March 30, 2012, a search warrant was executed at Petitioner's residence in St. Louis, Missouri.  Id. at p. 25.  During this search, law enforcement officials seized multiple firearms, approximately 68 kilograms of marijuana, and approximately $17,500 in drug proceeds.  Id.   Petitioner admitted to law enforcement officials that he possessed the aforementioned firearms in connection with the conspiracy to distribute marijuana.  Id.

On November 1, 2013, Petitioner entered into a written plea agreement with the United States Attorney's Office for the Southern District of Illinois and pled guilty to Counts 1 and 2 of the superseding indictment. R. 128. A change of plea hearing took place before Magistrate Judge Donald G. Wilkerson. Id.  In his plea agreement, Petitioner waived his right to appellate or post-conviction relief. P. Agr. at pgs. 7-8.  Petitioner's counsels went over this plea agreement with Petitioner prior to Petitioner's plea of guilty.   Doc. 9 at pgs. 3-5; Doc. 15 at pgs. 2-4; P. Agr. at pg. 3.

A sentencing hearing, held before this Honorable Court, took place on April 25, 2014. R. 187.  A PSR was filed in advance. R. 145.  Following this hearing, Petitioner was sentenced to 130 months incarceration.  S. Tr. at pgs. 47-48.

Petitioner filed a timely Notice of Appeal on May 7, 2014. R. 194.  On July 2, 2014, the Seventh Circuit Court of Appeals dismissed Petitioner's direct appeal. App. R. 12. Petitioner did not seek a writ of certiorari from the Supreme Court and his judgment became final ninety days

later on September 30, 2014.  *See Clay v. United States*, 537 U.S. 522 (2003) (judgment becomes final for purposes of § 2255 when time for seeking direct review expires); U.S. Sup. Ct. R. 13.1 (petition to Supreme Court is timely if filed within ninety days after entry of judgment in court of appeals).

Petitioner subsequently filed the § 2255 motion at issue on September 30, 2015. Hab. R. 1. His motion is timely. *See Houston v. Lack*, 487 U.S. 266 (1988) (if prisoner is pro se, a motion is deemed filed when delivered into the prison mail system); 28 U.S.C. § 2255(f)(1) (one year statute of limitations on § 2255 motions runs from date on which judgment of conviction becomes final).

**II.  Petitioner's Claims**

The scope of judicial review on collateral attack of a conviction is limited. Only in "extraordinary situations" is relief on a § 2255 motion warranted. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  Such relief is available only where a "jurisdictional, constitutional, or fundamental defect which inherently results in a complete miscarriage of justice" has occurred. *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992).  Collateral review does not serve as a "recapitulation nor a substitute for direct appeal." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992).  Consistent with this limited review, a defendant cannot use a § 2255 motion to challenge "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Id.* Accordingly, a movant must overcome a number of procedural hurdles for a § 2255 motion to be considered on the merits.  Even then, the right to

collateral review may be waived pursuant to a valid plea agreement. *See Jones v. United States*, 167 F.3d 1142 (7th Cir. 1999).

Petitioner Malone now raises two bases for relief in his § 2255 motion: 1) Petitioner received ineffective assistance of counsel in that counsel failed to conduct an adequate pretrial investigation, as demonstrated by the failure to research "applicable case law and interview witnesses;" and 2) Petitioner received ineffective assistance of counsel in that counsel failed to inform Petitioner of "likely circumstances and consequences of pleading guilty" and inform Petitioner of the "maximum sentence he faced if he was convicted at trial." Because these claims are baseless and are otherwise waived by Petitioner's plea agreement, this Court should deny the motion.

## III. Response to Petitioner's Claims

### A. Ineffective Assistance of Counsel

#### a. Legal Standard

As demonstrated by Petitioner, the most common way a petitioner seeks to upend his conviction is by casting his claims as allegations of ineffective assistance of counsel. Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). In fact, the Seventh Circuit Court of Appeals has identified § 2255 motions as a more appropriate vehicle than direct appeal for raising ineffective assistance of counsel claims, as the opportunity to adequately "develop the factual predicate for the claim" arises independent of the trial record. *See, e.g.*, *United States v. Turcotte*, 405 F.3d 515 (7th Cir. 2005).

Nonetheless, the defendant bears a heavy burden of proof in order to establish an ineffective assistance of counsel claim. *Harris v. Reed*, 894 F.2d 871, 874 (7th Cir. 1990). District courts evaluate typical ineffectiveness claims under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)). "The benchmark for judging any claims to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Under *Strickland*, the petitioner must prove: 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell*, 497 F.3d at 761. If the Court finds either the performance or the prejudice component of the ineffective assistance claim deficient under the *Strickland* test, then there is no need to consider the sufficiency of the other component. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

A court's review of attorney performance is "highly deferential" and presumes that "counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Holman*, 314 F.3d 837, 840 (7th Cir. 2002) (citations omitted). Counsel is "strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004). The Court must presume that counsel made reasonable strategic choices unless the petitioner produces evidence rebutting that presumption. *Id.* Hence, it is "not easy for

a petitioner to show that his counsel's performance was objectively ineffective, as . . . '[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). To establish that counsel's performance was deficient, the defendant must show errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.*

Even if an attorney's performance were deficient, petitioner still bears the burden of demonstrating prejudice. Proving that deficient performance of counsel actually prejudiced the defense requires a showing of the "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Benefiel v. Davis*, 357 F.3d 655, 661 (7th Cir. 2004); see also *Williams v. Taylor*, 529 U.S. 362, 363 (2000). The test is also "highly deferential to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2005). The defendant must demonstrate that counsel's error actually had an adverse effect. *Strickland*, 466 U.S. at 693. However, "[n]ot every adverse consequence of counsel's choice is 'prejudice' for constitutional purposes." *United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993). Counsel's conduct must be shown to have "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cooper*, 378 F.3d at 642.

### b. Waiver of Ineffective Assistance Claims

Petitioner makes two allegations against his counsel's performance: 1) Petitioner received ineffective assistance of counsel in that counsel failed to conduct an adequate pretrial investigation, as demonstrated by the failure to research "applicable case law and interview

witnesses;" and 2) Petitioner received ineffective assistance of counsel in that counsel failed to inform Petitioner of "likely circumstances and consequences of pleading guilty" and inform Petitioner of the "maximum sentence he faced if he was convicted at trial." Doc. 1 at pgs. 8-9.

First, Petitioner waived his right to collateral review in his plea agreement with the Government. *See* P. Agr. at pg. 7, p. 2. Waiver of a defendant's right to collateral review pursuant to a valid plea agreement is enforceable. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Only in two limited circumstances may that waiver be invalid. First, ineffective assistance of counsel *in the negotiation of the defendant's guilty plea* can be raised in a § 2255 motion regardless of waiver. *Id.* Second, instances of government coercion, such that the defendant's guilty plea was neither knowing nor voluntary, can be always be raised in a § 2255 motion. *Id.* Petitioner's allegations do not fall under either of these exceptions, so any waiver of collateral review is enforceable as to this claim.

In his plea agreement with the Government, Petitioner agreed that he "knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court….." P. Agr. at pg. 7, p. 2. Moreover, at the time of his plea before Magistrate Judge Wilkerson, Judge Wilkerson explained Petitioner's appellate rights and Petitioner acknowledged that he agreed to waive said rights as part of his plea. *See* P. Tr. at pg. 21.

   c. **Analysis**

Even if Petitioner's waiver of his rights to collateral review was not enforceable, Petitioner cannot demonstrate that the performance of his trial counsels was so deficient as to satisfy the *Strickland* test. Petitioner first claims that he received ineffective assistance of

counsel in that his counsels failed to communicate with Petitioner and conduct an adequate pretrial investigation, as demonstrated by the failure to research "applicable case law and interview witnesses." Doc. 1 at pg. 8.  In fact, Petitioner's counsel, Adam Fein, did interview a potentially important witness in preparation for trial.  Doc. 9 at pg. 2.  This interview was conducted with the purpose of preparing a possible key defense for Petitioner *and was communicated directly to Petitioner.*  Id.  Attorney Adam Fein also communicated with attorneys representing Petitioner's co-defendants to discuss the possibility of testifying on Petitioner's behalf.  Id.  *These contacts were also communicated directly to Petitioner.*  Id.  Moreover, Petitioner identified no additional witnesses for counsel to contact to assist in Petitioner's defense.  Id.  Importantly, co-counsel Scott Rosenblum was also made aware of each contact related to potential witnesses and their outcomes.  Doc. 15 at pg. 1.  Finally, contrary to Petitioner's claim, his counsel, attorney Adam Fein, conducted legal research to aid and assist in the preparation of a possible defense.  Doc. 9 at pg. 1.  Taken collectively, these facts demonstrate that Petitioner's counsels conducted an adequate pretrial investigation, and in this context, did not provide ineffective assistance of counsel.

Petitioner next claims that his trial counsels provided ineffective assistance through "Failure to Inform Malone of the Relevant Circumstances of Pleading Guilty as Opposed to Proceeding to Trial Including a Reasonable Estimate of the Amount of Imprisonment He would Receive and His Maximum Sentencing Exposure."  Doc. 1. at pg. 9.  More specifically, Petitioner believes his counsels 1) failed to inform him of the applicable guideline range and potential consequences of his conviction; and 2) "pushed" Petitioner into accepting the "government's plea agreement."  Id. at pgs. 11-13.  Furthermore, Petitioner contends that had he

8

"been given the correct advice" by his counsels he would have "pled straight up to Counts 1 and 2 of the superseding indictment and held his direct appeal." Id. at pg. 12.

In fact, Petitioner was fully informed by his counsels Adam Fein and Scott Rosenblum of every possible sentencing scenario, either in the context of a trial or a plea. Doc. 9 at pgs. 3-5; Doc. 15, at pgs. 2-3. This includes the "maximum sentencing exposure" under the law that Petitioner references. It is evident from the filed responses of attorneys Fein and Rosenblum that they took great care in weighing every conceivable resolution of this case that would have been advantageous to Petitioner, as well as all sentencing scenarios. Id. Likewise, it is evident from their responses that attorneys Fein and Rosenblum were diligent in communicating these scenarios, as well as the Government's plea offer, to Petitioner. Id. If there were any doubts as to the maximum sentence that Petitioner faced, as well as to the fact that this Court was not bound to the agreed upon terms in his plea agreement, Petitioner need only be reminded of the language in his plea agreement, as well as his plea colloquy. Def. Plea Agr. at pgs. 4-5; P. Tr. at pgs. 13-14, 19. Petitioner fails to acknowledge that his counsels had no way of predicting or promising what this Honorable Court's sentence would be and now attempts to have his plea vacated by blaming them for an unsatisfactory outcome.

Furthermore, Petitioner's contention that he was "pushed into" the "government's plea agreement" is self-serving and without merit. In fact, Petitioner was not forced into accepting his plea. This fact is noted by counsel Adam Fein and is also acknowledged by Petitioner in his plea agreement. Def. Plea Agr. at pgs. 2-3; Doc. 9 at pg. 5. Likewise, Defendant repeatedly acknowledged his willing assent to the terms of his plea at the time of his plea colloquy. P. Tr. at pgs. 5, 16-17. Finally, Petitioner was made aware in his plea agreement and during the plea colloquy that this Honorable Court was not bound to any agreement made by the parties,

including sentencing recommendations, and that an above guideline sentence was possible. Def. Plea Agr. at pg. 5; P. Tr. at 19. For these reasons, and because Petitioner has previously indicated his satisfaction with the performance of counsel (P. Tr. at pg. 10), Petitioner cannot demonstrate 1) that his attorney's performance fell below an objective standard of reasonableness; and 2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

## V.     No Hearing is Required

A district judge need not grant an evidentiary hearing in all § 2255 cases. Such a hearing is not required if "the record standing alone conclusively demonstrates that a petitioner is entitled to no relief." *Humphrey v. United States*, 896 F.2d 1066, 1070 (7th Cir. 1990). In addition, a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations. *See Aleman v. United States*, 878 F.2d 1009, 1012–14 (7th Cir. 1989). A district court need only grant an evidentiary hearing if the petitioner alleges facts that, if proven, would entitle him to relief. *Daniel v. United States*, 54 F.3d 290, 293 (7th Cir. 1995). Here, no such showing has been made.

## VI. Conclusion

For all of the aforementioned reasons, Petitioner Malone's claims are without merit or otherwise waived pursuant to his plea agreement. Accordingly, his claims should be denied, and the Government asks the Court to deny Petitioner's § 2255 motion in its entirety.

Respectfully submitted,

JAMES L. PORTER
Acting United States Attorney


*s/ Daniel T. Kapsak*
DANIEL T. KAPSAK
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208
Tel: (618) 628-3700
Fax: 618-628-3730
E-mail: Dan.Kapsak@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEMARIO MALONE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 15-CV-01079-DRH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2016, I caused to be electronically filed **Government's Response To Petitioner's § 2255 Motion** with the Clerk of Court using the CM/ECF system, which will send notification to the following registered participants:

N. Scott Rosenblum – Srosenblum@rsrlaw.com, Adam Fein – Afein@rsrglaw.com

I also certify that on February 4, 2016, I caused to be mailed by United States Postal Service to the following non-registered participant:

Demario Malone, Reg. No. 10027-025
USP Marion
United States Penitentiary
Inmate Mail/Parcels
P.O. BOX 1000
Marion, IL 62959

                                                            Respectfully submitted,

                                                            JAMES L. PORTER
                                                            Acting United States Attorney

                                                            *s/ Daniel T. Kapsak*
                                                            DANIEL T. KAPSAK
                                                           Assistant United States Attorney
                                                           Nine Executive Drive
                                                           Fairview Heights, Illinois 62208
                                                           Tel: (618) 628-3700
                                                           Fax: 618-628-3730
                                                           E-mail: Daniel.Kapsak@usdoj.gov