IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS

EAST ST. LOUIS DIVISION

DEMARIO MALONE,

        Movant,

vs.                                     Case No.: 3:15-cv-1079--DRH
                                              3:12-cr-30330-DRH

UNITED STATES OF AMERICA,

        Respondent.

## MOVANT'S CONSOLIDATED REPLY TO WRITTEN RESPONSE OF ADAM FEIN TO PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AND RESPONSE OF N. SCOTT ROSENBLUM TO PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL

COMES Movant, Demario Malone ("Malone"), appearing *pro se*, and replies show as follows:

### Preliminary Statement

As a preliminary statement, Malone respectfully requests that the Court be mindful that pro se pleadings are to be construed liberally. See *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### Reply to Adam Fein and N. Scott Resenblum

The Written Response of Adam Fein to Petitioner's Claim of Ineffective Assistance of Counsel ("FR") is divided into two parts: (1) Claim I; and (2) Claim II, which Malone will reply to sequentially as follows:

In Claim I, Adam Fein ("Fein") first accurately states the grounds in Malone's § 2255 Motion as counsel rendered ineffective assistance by failing to: (1) communicate with him; and (2) conduct an adequate, independent pretrial investigation, including counsel's failure to research applicable case law and interview witnesses. See FR at 1.

Fein further states that there were no facts in support of Malone's claims. Approximately one year after Malone was sentenced, he was still confused about his case and how he ended up with the sentence that was imposed upon him.

With regard to communication, Malone asked both Fein and N. Scott Rosenblum ("Rosenblum") a series of questions, which were never answered by either Fein or Rosenblum during the entirety of his case as follows:

- (a) When I emailed you about the fact that I couldn't view the DVD's, why wasn't I ever shown the DVD's or allowed to hear the wiretaps pertaining to the conspiracy?

- (b) What evidence did you view or hear on a wiretap that made you convinced I was guilty of being in a 3200lb conspiracy?

- (c) Did you or your colleagues see or hear any evidence of or about me handling marijuana or counting money?

- (d) Why didn't we fight the 924(c) when there was no mention of me ever brandishing a gun, or ever having a gun, by the (CI)?

- (e) Adam, you told me that the 7th circuit had a sentencing disparity with the 924(c), why didn't we preserve my right to appeal concerning this matter? (Reference Judge Cook)

- (f) Why wasn't there a challenge to the application to get a warrant to my home, based on the simple fact that there was evidence used to obtain a warrant that wasn't credible in this case?

- (g) Did you or your colleagues realize that in the application to get the warrant to search my home, there was money (900k +) from a truck that no one was charged for, and a marijuana wrapping with finger prints on it that was none of ours, but it was used

2

in the conspiracy and the application for the warrant to come in my home? If so, why wasn't this challenged?

(h)     8.) Adam, I precisely said to you or Scott that my co-defendant, who was charged as the leader in the case, was willing to give a signed affidavit statement, stating that I wasn't involved or aware of his activities. Why did you make me feel like this was a waste of time?

(i)     Adam, I also made it clear to you that the marijuana wrapping that was retrieved out of the neighbors garbage can, were two convicted marijuana felons. Why did you make me feel like that wasn't a important fact when that same wrapping that had fingerprints on it was used to get a warrant to come in my home? Why wasn't this a issue that was challenged?

(j)     Why wasn't there a evidentiary hearing in my case?

(k)     Adam, you told me ahead of time that the 7th circuit wasn't going to give me my true relevant conduct or my mitigating role, so why would persuade me to sign a plea deal waiving my right to appeal?

(l)     Adam, you knew that you had persuaded me to waive my right to appeal, so why would you file a appeal after I had been sentenced?

(m)     Adam, you told me the first plea deal they offered me was 12 years and I received 10 years 10 months. Are you aware of the fact that any plea deal that isn't 30-50% off of my sentencing guideline is a bad plea deal? If so, why would you persuade me to believe that this was the best that I could do? If so, why didn't' we take our chances with trial?

(n)     Did you know that the (900k +) wasn't admissible in this case?

(o)     Did the videos show me or anyone getting busted with money or marijuana leaving my home?

(p)     Was there any video or audio of me agreeing to buy, sale, or participate in any of the leader activities?

(q)     Why wasn't there a motion filed to reveal the DEA's protocol on labeling a house a stash house, when this is what they labeled my home as in the application to get a warrant for my home?

These questions were never answered by either his attorneys until approximately one year after

3

Malone was sentenced, which can be taken as only hindsight. As such, it is hard to imagine how his attorneys can claim that they had relevant communication with Malone. With competent communication with his attorneys, there is a reasonable probability that Malone would have proceeded to trial, or a better Plea Agreement could have been negotiated, and that the result of the proceedings would have been different. From the beginning of their representation, Malone's attorneys paid little attention to him and they would not allow him to participate in his own defense. Because of their lack of response to his questions, Malone became frustrated and he decided that he would have to wholly rely on their advice.

Contrary to Fein's and Rosenblum's claim that there was not adequate communication between the parties, Malone was not informed on the relevant circumstances and likely consequences of his case.

With regard to an adequate independent investigation, only interviewing witnesses given to them by Malone, talking to other co-defendants' lawyers, or reading the government's case file does not suffice as an adequate and independent investigation. It would seem that it would have been appropriate to hire a private investigator in this case. However, this was not done.

With regard to Claim II, Malone states that this ground was adequately briefed in his opening memorandum of law and does not require any further briefing here.

## Conclusion

For the above and foregoing reasons, Malone's conviction and sentence should be vacated for further proceedings. In the alternative, an evidentiary hearing is necessary to allow Malone to further prove his grounds, resolve the facts in dispute between the parties and to expand an incomplete record.

Respectfully submitted,

/s/ DeMario Malone
Demario Malone
Reg. No. 10027-025
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959
Appearing *Pro Se*

## Certificate of Service

I hereby certify that on February 4, 2016, a true and correct copy of the above and foregoing Movant's Consolidated Reply to Written Response of Adam Fein to Petitioner's Claim of Ineffective Assistance of Counsel and Response of N. Scott Rosenblum to Petitioner's Claim of Ineffective Assistance of Counsel was sent to:

Ms. Daniel Kapsak
Assistant United States Attorney
U. S. Attorneys Office – Fairview Heights
9 Executive Drive, Suite 300,
Fairview Heights, IL 62208.

N. Scott Rosenblum
Adam Fein
Rosenblum, Schwartz et al.
Generally Admitted
120 South Central Avenue
Suite 130
Clayton, MO 63105

/s/ DeMario Malone
Demario Malone

# PRIORITY MAIL

- DATE OF DELIVERY SPECIFIED*
- USPS TRACKING™ INCLUDED*
- INSURANCE INCLUDED*
- PICKUP AVAILABLE

* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

FROM:

TO:

Demario Malone
Reg. No. 10027-025
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

Clerk, U. S. District Court
Southern District of Illinois
East St. Louis Division
750 Missouri Avenue
East St. Louis, IL 62201

U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.

This envelope is made from post-consumer waste. Please recycle.