IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEMARIO MALONE,

        Petitioner,

vs.                           No. 15-1079-DRH

UNITED STATES OF AMERICA,

        Respondent.

MEMORANDUM and ORDER

HERNDON, District Judge:

## I. Introduction, Background and Procedural History

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Docs. 1). The government opposes the motion (Doc. 22) and Malone filed a reply (Doc. 23). Based on the following, the Court denies Malone's petition. Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter. It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Cooper v. United States*, 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in

denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions that would warrant a hearing).

On April 18, 2013, the grand jury returned a four count superseding indictment charging Malone with one count of conspiracy to distribute and possess with the intent to distribute marijuana (Count 1) and one count of possession of a firearm in furtherance of a drug trafficking crime (Count 2). *See United States v. Malone*, 12-CR-30330-DRH; Doc. 75. On November 1, 2013, Malone pled guilty to the charges before Magistrate Judge Donald J. Wilkerson. *Id.* at Docs. 128, 129, 130 & 131. Also that day, Magistrate Judge Wilkerson issued a Report and Recommendation regarding the guilty plea and allowed the parties time to file objections. *Id.* at Doc. 132. Thereafter, the Court adopted the report and recommendation and found Malone guilty. *Id.* at Doc. 135. On April 24, 2014, the Court sentenced Malone to 70 months on Count 1 and 60 months in prison on Count 2 to be served consecutively and judgment reflecting the same was entered. *Id.* at Docs. 187 & 190.[1] On May 7, 2014, Malone filed a notice of appeal (Doc. 194). On July 24, 2014, the Seventh Circuit issued its Mandate granting the government's motion to dismiss and dismissing the

---

[1] Prior to his guilty plea in the underlying criminal case, Malone's attorneys filed several pretrial motions: motion for disclosure of confidential informants; motion for disclosure of expert testimony; motion for disclosure of favorable, exculpatory, and impeaching information; motion for disclosure of government's intent to use 404(b) evidence; motion for disclosure of *Jencks Act* material; motion for disclosure of government's intent to use residual hearsay exception under F.R.E. 807; motion to preserve memoranda relating to interviews of witnesses and confidential sources and to require law enforcement authorities to preserve their rough notes and rough drafts; motion to suppress statements and motion to suppress evidence.

appeal (Doc. 201).[2]  During these proceedings, Malone was represented by retained attorneys Adam Fein and N. Scott Rosenblum.

Subsequently, Malone filed this § 2255 petition on September 20, 2015.  Malone raises claims that his lawyers were ineffective in that they failed to communicate with him regarding an adequate pretrial investigation; failed to research the applicable law in the case and interview witnesses and failed to advise Malone of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial, as well as the maximum sentence he faced if he was convicted at trial.  As the motion is ripe, the Court turns to address the merits of the petition.

## II. **Legal Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error

---

[2] Specifically, the Seventh Circuit ruled:
The government moves to dismiss this appeal as frivolous because the appellant, Demario Malone, waived his right to appeal his criminal sentence when he pleaded guilty. Malone concedes that he entered into the plea agreement knowingly and voluntarily and does not wish to challenge that agreement. *See United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011) ("[A]n appellate waiver stands or falls with the rest of the bargain.") (quotation marks omitted). Nevertheless, Malone argues that enforcing the appeal waiver in this instance would result in a miscarriage of justice because his sentence was procedurally unfair. The district court made its determination of a reasonable sentence for Malone's offense without considering the consecutively applied mandatory minimum sentence applicable under 18 U.S.C. § 924(c). Malone contends that that procedure leads to an unwarranted sentencing disparity among similarly situated offenders in other circuits and conflicts with the "primary directive" of 18 U.S.C. § 3553(a). Yet he concedes that the procedure used by the district court follows our instructions in *United States v. Roberson*, 474 F.3d 432 (7th Cir. 2007). Given our decision in *Roberson*, Malone's sentence cannot be considered procedurally unfair. *Id*. Doc. 201.

represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."  *Prewitt v. United States,* 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not substitute for a direct appeal.  A defendant cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.  *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt,* 83 F.3d at 816.  Meanwhile, a § 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice.  *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000).  The only way such issues could be heard in the § 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice."  *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

The failure to hear a claim for ineffective assistance of counsel in a §

2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum. They are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro v. United States,* 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Fountain,* 211 F.3d at 433-34. Further, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from that performance. *Massaro,* 538 U.S. at 504-05. For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

### III. <u>Analysis</u>

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Fountain v.*

*United States*, 211 F.3d 429, 434 (7th Cir. 2000).  Either *Strickland* prong may be analyzed first; if that prong is not met, it will prove fatal to plaintiff's claim.  *Strickland*, 466 U.S. at 697; *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

Regarding the first prong of the *Strickland* test, counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record. *Strickland*, 466 U.S. at 689.  The petitioner's burden is heavy because the *Strickland* test is "highly deferential to counsel, presuming reasonable judgment and declining to second guess strategic choices." *United States v. Shukri*, 207 F.3d 412, 418 (7th Cir. 2000) (quotations omitted). In other words, the Court must not become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).  With regards to the second prong of *Strickland*, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).  "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

In the instant case, the Court cannot say that counsels' performances significantly prejudiced Malone or that counsels' representations fell below

an objective standard of reasonableness.   Further, the Court cannot say that despite these alleged errors the results of the proceedings would have been different.

First, the Court finds that Malone waived his right to file this § 2255 petition.  Malone entered into a written plea agreement with the government for certain benefits.  In exchange for the benefits he received, he waived his right to a direct appeal and to a collateral attack under Section 2255. *Malone*, 12-cr-30330-DRH, Doc. 131.   Specifically, the plea agreement provides in relevant parts:

> 10. The Defendant has read the Plea Agreement and has discussed it with defense counsel and understands it, and agrees to be bound by it.

> 3. The Government submits that under the   Sentencing Guidelines, after all factors have been considered, Defendant will have an Offense Level of 29, a Criminal History Category of I, a sentencing range of 87-108 months, and a fine range of $15,000 to $1,000,000 as to Count 1; plus a consecutive sentence of five (5) years imprisonment as to Count 2.  While the Defendant acknowledges the relevant conduct stated below because of the amount of marijuana which was the subject of the entire conspiracy was one thousand (1000) kilograms or more, he reserves the right to argue the sentencing factors set forth in Title 18, United States Code, Section 3553 and request any statutorily available sentence (down to 60 months) because he believes his role in the offense and the quantity of marijuana that he personally possessed during the course of the conspiracy justifies it.   The Government and Defendant agree that these calculations of the Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine the Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon.   The Defendant expressly realizes that, regardless of the Guideline range found or the sentence imposed by the Court, **Defendant will not be allowed to**

**withdraw Defendant's plea of** guilty.  The Government agrees to recommend a sentence and fine at the low end of the range ultimately found by the Court.  The Defendant reserves the right to argue for any statutorily available sentence.  The Government and the Defendant reserve the right to address the sentencing factors set forth in 18 U.S.C. § 3553(a),

The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government).  The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

1.  The Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised his right to trial.  The Defendant is fully satisfied with the representation received from defense counsel.  The Defendant acknowledges that he believes that the Government has provided complete discovery compliance in this case.  The Defendant has reviewed the Government's evidence and has discussed the Government's case, possible defenses and defense witnesses with defense counsel.

2.  The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack.  However, in exchange for the recommendations and concessions made by the United States in this plea agreement, **the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law**, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), **the Defendant reserves the right to appeal the reasonableness**

**of the sentence**.  The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government.

*United States v. Malone*, 12-30330-DRH; Doc. 131, ps. 3-9 (emphasis added).

The Seventh Circuit has found these types of waivers to be valid.  The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided that the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir), *cert. denied*, 520 U.S. 1281 (1997); *United States v,. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also*, *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct 349 (1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or gender) or of the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed.  *Feichtinger*, 105 F.3d at 1190.  Further, the Seventh Circuit has found that a waiver of a Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal.  *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement.  *Id*. at 1144, *United States v. Woolley*, 123 F.3d 627, 631-632 (7th Cir. 1997).

*See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

For the waiver to be enforceable, Malone's sentence had to be within the maximum provided by the statute of conviction and the applicable guideline range based upon his relevant conduct. The statutory mandatory minimum penalty for conspiracy to distribute and possess with the intent to distribute in excess of 1,000 kilograms of marijuana is no less than 120 months, 21 U.S.C. §§ 841(a)(1) and 846 and the statutory mandatory minimum penalty for possession of a firearm in furtherance of a drug trafficking crime is not less than 5 years, 18 U.S.C. 924(c)(1)(A). In fact, the statutory terms of imprisonment were outlined in his plea agreement and Magistrate Judge Wilkerson, during the change of plea hearing, informed Malone of the statutory sentencing ranges and Malone acknowledged that he understood. Based upon the conduct to which Malone admitted and others attributed to him in the conspiracy, his applicable guideline range of imprisonment was 87-108 months on Count 1 and a consecutive sentence of five (5) years on Count 2. The Court sentenced Malone to 70 months imprisonment on Count 1 and 60 months (5 years) consecutive on Count 2. The Court did not depart upward. Thus, Malone received a benefit to pleading guilty. There is no basis in the record for avoiding this waiver, and the Court neither relied upon constitutionality impermissible factors in sentencing Malone nor sentenced him above the

statutory maximum. Thus, the waiver provisions of Malone's plea agreement are enforceable and Malone has waived his right to bring this § 2255 petition.

Even assuming *arguendo* that Malone did not waive his right to bring this 2255 petition, the Court finds that Malone's petition fails. His claims that his counsels were ineffective are without merit. The Court finds that Malone has not met his burden. Moreover, the Court rejects Malone's arguments that his counsel did not inform him of the facts and the elements of this case and that counsel failed to conduct an adequate pretrial investigation. First, Malone does not offer support for his allegation that his attorney did not advise him properly or investigate the discovery properly. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (petitioner must present objective evidence that he would not have entered the guilty plea; his own self-serving testimony is not enough). Therefore, his claims of ineffective assistance of counsel on these grounds do not succeed. *See United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir.), *cert. denied*, 493 U.S. 831 (1989)(holding that even assuming petitioner's counsel should have advised petitioner of possible consequences of his plea, petitioner has the burden to offer evidence to support the bare allegations that his counsel failed to advise him of these possibilities).

Malone's arguments that counsel failed to inform his of the relevant circumstances and likely consequences of pleading guilty as opposed to trial are belied by his own statements at the change of plea hearing which are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998). Even after Malone acknowledged that he read the plea agreement and the stipulations of facts, Magistrate Judge Wilkerson thoroughly went over both the plea agreement and the stipulations of fact with Malone to ensure that he understood those documents. Magistrate Judge Wilkerson informed Malone that the Court would not be able to determine the guideline impact for the sentence in his case until after the Presentence Report was prepared and the Court reviewed the objections of the parties and that the sentence results from that may be different from one provided by counsel and the plea agreement. As stated before, Malone was aware of the consequences and benefits of entering into the plea agreement and decided to plead guilty. Further, he told Magistrate Judge Proud that he understood the plea proceedings and that he understood the nature of the charges that he was pleading guilty to. Based on Mr. Fein and Mr. Rosenblum's affidavits, the plea agreement, the stipulations of fact, and the plea colloquy, it is pellucid that counsel properly described the sentencing guideline process to Malone and that Malone understood his plea. The record demonstrates that counsels were not ineffective. Further,

Malone has not demonstrated the prejudice in that he cannot establish a reasonable probability that he would have gone to trial.

The Court concludes that Malone's claims that his counsels were ineffective are without merit. His bald assertions (which are either not true or not supported by the record) that his counsels were ineffective are insufficient basis to grant him the relief he seeks. "An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct." *United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001); *Fuller v. United* States, 398 F.3d 644, 652 (7th Cir. 2005)(finding that a claim of ineffective assistance unsupported by "actual proof of [his] allegations" cannot meet the threshold requirement for the purposes of a § 2255). In fact, the Court concludes that counsels' actions were reasonable and sound in light of the circumstances.

Malone's sentence and conviction are legal. He has not shown that his sentence was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Thus, the Court rejects Malone's 28 U.S.C. § 2255 petition/motion. Finally, the Court notes that letting Malone's conviction and sentence stand would not result in a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S.

478, 495 (1986).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural

ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim.  Reasonable jurists could not debate that the petition should have been resolved in a different manner, as petitioner's claims of ineffective assistance of counsel do not present evidence of constitutionally deficient attorney performance; nor do they demonstrate resulting prejudice. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## IV. <u>Conclusion</u>

Accordingly, the Court **DENIES** Malone's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody.  The Court **DISMISSES with prejudice** this cause of action.  The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.  Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 7th day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.07 15:45:42 -06'00'

**United States District Court**